■ JOHN A. SILVER et al., Appellants, v EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Respondent.—Order, Supreme Court, New York County (Martin Stecher, J.), entered on March 21, 1989, which granted defendant's motion for summary judgment dismissing the first cause of action of the complaint and that portion of the second cause of action seeking punitive damages, recovery under Civil Rights Law § 40-c, and attorneys' fees, unanimously affirmed, without costs.

Order of the same court and Justice entered August 23, 1989, which, *inter alia,* granted plaintiffs' motion pursuant to CPLR 2219 to resettle the court's prior order, granted plaintiffs' motion pursuant to CPLR 2221 for reargument to the extent of permitting plaintiffs to seek attorneys' fees only pursuant to the Federal Rehabilitation Act of 1973 (29 USC ch 16), and which denied plaintiffs' motion pursuant to CPLR 3025 (b) to amend their complaint to add a second cause of action seeking damages for a violation of plaintiffs' rights under the Fourteenth Amendment to the United States Constitution and a sixth cause of action for intentional infliction of emotional distress on behalf of plaintiff Gloria Silver, unanimously affirmed, without costs.

Plaintiff John Silver and his mother, plaintiff Gloria Silver, commenced this action against defendant Equitable Life As-

surance Society of the United States (Equitable) based upon Equitable's alleged discrimination against plaintiff John Silver on the basis of his congenital mental retardation, by issuing a lifetime major medical expense policy containing an allegedly discriminatory exclusion rider. Plaintiffs sought $200,000 in punitive damages, an order directing defendant Equitable to issue the insurance policy without the rider, and attorneys' fees.

The IAS court properly dismissed plaintiffs' cause of action under Civil Rights Law § 40-c for plaintiffs' failure to meet the statutory requirements of notice to the Attorney-General as specifically required by Civil Rights Law § 40-d. Plaintiffs have not established that State procedural requirements for a State cause of action need not be complied with if there is also a cause of action asserted based upon a Federal statute. *(Lopez v S.B. Thomas, Inc.,* 831 F2d 1184.)

Similarly, we find that plaintiffs have failed to allege or provide evidence of any conduct by defendant Equitable evincing such a high degree of moral turpitude or wanton and malicious behavior as to warrant the imposition of punitive damages under section 504 of the Rehabilitation Act (29 USC § 794), Civil Rights Law § 40-c or Insurance Law §§ 2608 and 4224 (b). *(Gelman v Department of Educ.,* 544 F Supp 651; *People v Hamilton,* 125 AD2d 1000; *Royal Globe Ins. Co. v Chock Full O'Nuts Corp.,* 86 AD2d 315, *lv dismissed* 58 NY2d 605, 800; Insurance Law § 109 [c] [1].) Consequently, plaintiffs' claim for attorneys' fees, other than as a "prevailing party" entitled to reasonable attorneys' fees under the Rehabilitation Act (29 USC § 794a [b]), is inappropriate in the absence of a valid claim for punitive damages. *(Jacobson v New York Prop. Ins. Underwriting Assn.,* 120 AD2d 433.)

Equally devoid of merit is plaintiffs' contention that the New York Insurance Department's alleged "remission" in its investigation of plaintiffs' complaint of defendant Equitable's alleged discriminatory conduct for approximately two months stated a claim for relief under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Here, plaintiffs clearly did not establish that the alleged discriminatory conduct constituted "State action" or was tantamount to State condonation of the alleged discriminatory conduct. *(Jackson v Metropolitan Edison Co.,* 419 US 345, 353; *Moose Lodge No. 107 v Irvis,* 407 US 163, 173.)

In addition, we find that the IAS court properly denied plaintiffs leave to amend their complaint to add a new cause

of action for intentional infliction of emotional distress on behalf of plaintiff Gloria Silver. The plaintiffs failed to fulfill the basic prerequisites for leave to amend by supporting their motion with an affidavit of merit and evidentiary proof that could be considered upon a motion for summary judgment *(Briggs v New York City Tr. Auth.,* 132 AD2d 451), failed to explain the more than five-year delay in asserting their new cause of action, thereby denying defendant Equitable an opportunity to conduct valuable discovery with respect to plaintiff Gloria Silver's mental distress claim *(Adams Drug Co. v Knobel,* 129 AD2d 401, 404), and failed to establish any duty on the part of defendant Equitable to protect plaintiff Gloria Silver from emotional injury or extreme and outrageous conduct transcending the bounds of decency, in the issuance of a major medical insurance policy with an exclusion rider for, *inter alia,* mental impairment, disease, disorder or deformity to plaintiff John Silver. *(Johnson v Jamaica Hosp.,* 62 NY2d 523.)

Finally, contrary to defendant Equitable's contentions on its cross appeal, we find that the IAS court did not err in resettling its March 21, 1989 order so as to reinstate plaintiffs' first cause of action under section 504 of the Federal Rehabilitation Act. The conflicting affidavits submitted by the parties raised a triable issue of fact as to whether the alleged discrimination was, in fact, related to a specific program or activity receiving Federal financial assistance as required to establish a violation based upon section 504 of the Rehabilitation Act. *(Bachman v American Socy.,* 577 F Supp 1257.)

We have considered plaintiffs' remaining contentions on appeal and have found them to be without merit. Concur— Kupferman, J. P., Ross, Rosenberger, Asch and Wallach, JJ.