OPINION OF THE COURT
Joseph J. Maltese, J.
The defendant, Rodney Fuller, seeks to dismiss two counts which charge him with aggravated harassment in the second *813 degree (Penal Law §240.30 [3]) and discrimination (Civil Rights Law § 40-c) on the ground that the District Attorney failed to give timely notice of the commencement of this action to the Attorney-General which the defendant claims is required by section 40-d of the Civil Rights Law.
The charges arose when the complainant, Israel Bachar, entered a store on January 2, 1992 at 567 Lefferts Avenue in Brooklyn to buy a pack of cigarettes. While the complainant was standing at the grocery store counter, the defendant, Rodney Fuller, allegedly grabbed the complainant at the back of the head and attempted to force a lighted cigarette type object into Mr. Bachar’s mouth. It is alleged that the defendant then slapped the complainant across the face with his hand. As the complainant opened the door to leave the store, the defendant yelled at him.
It is alleged by lion Biton, who was present outside the store, that his friend, Israel Bachar, does not understand English and that the words yelled by the defendant to Mr. Bachar were, "Get out of here, you Jew son of a bitch!”
The defendant was arrested six days later and charged with aggravated harassment (Penal Law § 240.30) and discrimination (Civil Rights Law § 40-c).
On March 5, 1992, the defendant served a typical omnibus motion requesting a bill of particulars, discovery, suppression hearings and a motion to dismiss for "failure to state a cause of action” on the charge of discrimination. That motion was decided by Judge Lee Cross on April 22, 1992 wherein she also granted a Wade identification hearing and addressed the issue of dismissal of the civil rights violation for "facial insufficiency”. In her decision, Judge Cross reviewed the application of the statute as it applies to an individual defendant and analyzed the defense counsel’s argument that if the complainant did not understand the words yelled at him he could not be the victim of discrimination. She wrote: "If the People can prove beyond reasonable doubt that the defendant acted with the unlawful intent to discriminate at the time that he harassed Mr. Bachar, it does not matter that the victim was not instantly aware of the defendant’s animus.” The District Attorney was thereby allowed to continue the prosecution of the charges against the defendant.
The instant motion brought before this Jury Trial Part after Judge (now Acting Justice) J. K. McKay refused to suppress the identification of the defendant. This motion seeks to *814 dismiss both the counts of Penal Law § 240.30 (3) and Civil Rights Law § 40-c based upon the alleged defective service of notice upon the Attorney-General’s office pursuant to Civil Rights Law § 40-d.
The District Attorney has supplied a letter dated March 25, 1992 notifying the Attorney-General of this prosecution some six weeks after the defendant was arrested and charged. Such notice may not have been necessary.
This court could summarily dismiss this motion for failure to include the instant argument in the previous omnibus motion, as is mandated by CPL 255.20 (2) which seeks to eliminate multiple pretrial motions (see, Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 255.20, at 439; see also, People v Key, 45 NY2d 111 [1978]); however, this court will entertain the present motion as no reported cases have interpreted the meaning of the notice provision of Civil Rights Law § 40-d in relation to Civil Rights Law § 40-c and Penal Law § 240.30 which now appears ripe for inquiry.
Penal Law § 240.30 (3) states:
"§ 240.30 Aggravated harassment in the second degree
"A person is guilty of aggravated harassment in the second degree when, with intent to harass, annoy, threaten or alarm another person, he * * *
"3. Strikes, shoves, kicks, or otherwise subjects another person to physical contact, or attempts or threatens to do the same because of the race[,j color, religion or national origin of such person.
"Aggravated harassment in the second degree is a class A misdemeanor.”
Civil Rights Law § 40-c states:
"§ 40-c. Discrimination
"1. All persons within the jurisdiction of this state shall be entitled to the equal protection of the laws of this state or any subdivision thereof.
"2. No person shall, because of race, creed, color, national origin, sex, marital status or disability, as such term is defined in section two hundred ninety-two of the executive law, be subjected to any discrimination in his civil rights, or to any harassment, as defined in section 240.25 of the penal law, in the exercise thereof, by any other person or by any firm, corporation or institution, or by the state of any agency or subdivision of the state.”
*815 Civil Rights Law § 40-d states:
"§ 40-d. Penalty for violation
"Any person who shall violate any of the provisions of the foregoing section, or subdivision three of section 240.30 or section 240.31 of the penal law, or who shall aid or incite the violation of any of said provisions shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby in any court of competent jurisdiction in the county in which the defendant shall reside. In addition, any person who shall violate any of the provisions of the foregoing section shall be deemed guilty of a class A misdemeanor. At or before the commencement of any action under this section, notice thereof shall be served upon the attorney general.”
The defendant’s argument, that such notice is a jurisdictional condition precedent to the District Attorney’s action or that the section requires automatic dismissal, is not supported by a review of the legislative background and the statute. The main body of Civil Rights Law §§ 40-c and 40-d dates back to 1941 (L 1941, ch 910).
It was 19 years later that the provision seeking to give notice to the Attorney-General of any civil rights action was added to the Civil Rights Law and Penal Code § 701 (L 1960, ch 219). As part of the 1965 recodification of the old Penal Code into the Penal Law, sections 700 and 701 were transferred into the Civil Rights Law in sections 40-c and 40-d. The notice requirement is now found in the last sentence of Civil Rights Law § 40-d: "At or before the commencement of any action under this section, notice thereof shall be served upon the attorney general” (emphasis added). When this provision was adopted by the Legislature in 1960, it did not contemplate the creation of a new class of criminal offenses based upon bias-related incidents.
It is the Attorney-General’s responsibility to enforce a wide range of civil rights, in addition to those that affect individuals. The knowledge of legal activity by private citizens would assist in the investigation and enforcement of such rights State-wide. A review of the legislative history contained in the Legislative Bill Jacket to the 1960 amendment to Penal Code § 701 (now Civil Rights Law § 40-d) discloses that the reporting of "actions” to the Attorney-General of civil rights violations was to supply that office with sufficient information to admin *816 ister and protect civil rights in the State of New York. The word "action” is generally construed to mean a "civil” action in contrast to a "criminal prosecution”. In addition, the reference to "this section” applies to the commencement of any private suit to recover the penalty for violations prescribed in Civil Rights Law § 40-c and Penal Law § 240.30 (3) and § 240.31 and is not limited to criminal prosecutions.
In the covering Memorandum which accompanied the proposed legislation upon its introduction to the State Legislature, the following statement appeared:
"The Attorney General has a direct statutory interest in the prevention of discrimination under Executive Law Sections 63-10 and 297. This amendment would assist him to perform the statutory duties by requiring that he be advised of any private actions alleging discrimination * * *
"This bill is part of the program of the Attorney General.” (See, Mem dated Jan. 8, 1960, Legislative Bill Jacket, L 1960, ch 219 [emphasis added].)
In commenting on the 1960 amendment to Civil Rights Law § 40-d, the Commission Against Discrimination also interpreted the notice amendment to Civil Rights Law § 40-d to be applicable only to civil actions and was, therefore, of no concern to the Commission. Gratuitously, the chairman of the State Commission Against Discrimination suggested that "the notice * * * would be of value” to the Attorney-General and that "He could then make his determination as to whether criminal action should be undertaken.” (See, letter from State Commn Against Discrimination dated Mar. 4, 1960, Legislative Bill Jacket, L 1960, ch 219.)
In a 1960 Memorandum to the Governor, Attorney-General Louis J. Lefkowitz wrote: "Under the proposed legislation, such notice would be required, for example, in the case of actions under the provisions in the Civil Rights Law governing discrimination in publicly assisted housing accommodations; actions under the Civil Rights Law alleging denial of equal rights in places of public accommodation, discrimination by labor unions, or discrimination in employment by a public utility company; and actions under the Penal Law alleging discriminatory practices in violation of guarantees of equal protection of the laws.” (See, Mem for Governor by Louis J. Lefkowitz, Attorney-General, Mar. 9, 1960, Legislative Bill Jacket, L 1960, ch 219.)
Attorney-General Lefkowitz’s Memorandum to the Governor *817 continued: "The procedural requirement would not be onerous. The plain insertion of the requirement in the body of the statutes affected, as is done in the proposed legislation, virtually ensures that the requirement for notice to the Attorney General will not be overlooked. If overlooked, the failure can easily be remedied by the court’s direction that notice be given. ” (Ibid, [emphasis added].)
Interestingly, the Association of the Bar of the City of New York also addressed this amendment in its Bulletin No. 5 (Mem No. 66, at 279 [Feb. 29, 1960]) wherein they disapproved of the amendment on the grounds that it was not clear as to whether this notice is required in criminal actions and that, if it was, it was unnecessary.
Thus, the reporting requirement of Civil Rights Law § 40-d was not designed to be a condition precedent to the commencement of a criminal prosecution or even a civil action, but rather a direction to report the occurrence to the Attorney-General for informational purposes. As indicative of this concern it must be noted that the statute sets forth no particular time limit for this notice to be served.
While the defendant may argue that a criminal proceeding commences at arrest, notwithstanding the fact that the defendant was arrested six days after the incident, notifying the Attorney-General at or before such arrest creates an unintended burden upon law enforcement officers. Moreover, the District Attorney does not usually control when an arrest is made. Clearly, no one would suggest that an arrest, arising from a civil rights violation, should wait for a County District Attorney to give notice to the State Attorney-General.
The only reported case referring to the notice provision of Civil Rights Law § 40-d is a private civil case, for punitive damages from an insurance company, Silver v Equitable Life Assur. Socy. (168 AD2d 367 [1st Dept 1990]). In Silver an action was brought alleging that the insurer discriminated against one of the plaintiffs on the basis of his congenital mental retardation, by issuing a major medical policy which excluded payments for that handicap. The First Department of the Appellate Division of the Supreme Court sustained the dismissal of the cause of action due to the plaintiff’s failure to notify the Attorney-General as required under Civil Rights Law § 40-d.
It must be noted that the private right of an individual to sue was created by that section and it is only reasonable to *818 require those who wish to avail themselves of that cause of action to also abide by its limitations. The Appellate Division buttressed this decision by also finding on the merits that the plaintiffs failed to allege or provide proof that the defendant evinced such a high degree of moral turpitude or wanton and malicious behavior as to warrant the imposition of punitive damages. As the purpose for giving notice of a civil rights violation is to permit the Attorney-General to exercise his executive authority, which is not specifically related to the prosecution of the individual action, the time of giving the notice is not of critical importance.
In this case, the notice was given prior to the resolution of defendant’s initial omnibus motion and gave the Attorney-General an opportunity to take any remedial action that office might deem necessary.
It is the determination of this court that Civil Rights Law § 40-d is not a jurisdictional impediment or a condition precedent to the commencement of a criminal prosecution for Penal Law § 240.30 or Civil Rights Law § 40-c.
Accordingly, this criminal proceeding is not precluded by the prior notice requirement of Civil Rights Law § 40-d. Moreover, sufficient informational notice was given the Attorney-General by the District Attorney within a reasonable time after the arrest to comply with the purpose and spirit of the statute, thus, the People may continue the prosecution of this case.
For the reasons stated the defendant’s motion to dismiss is denied.