BONNIE-JEAN WEST, Doing Business as COMMERCIAL FLOORS-WEST, Appellant, v MOHAWK COMMERCIAL CARPETS, Respondent.

Third Department, November 5, 1992

## APPEARANCES OF COUNSEL

*Kenneth P. Helisek,* Johnson City, for appellant.

*Kramer, Wales & Wright,* Binghamton *(Brian Wright* and *Philip J. Kramer* of counsel), for respondent.

## OPINION OF THE COURT

YESAWICH JR., J.

The Dormitory Authority of the State of New York advertised that it would accept bids, until June 21, 1990, for a contract to provide carpet for a student housing project at the State University of New York at Binghamton. A type of carpet, the "supertron series", manufactured by defendant was referred to as an example of carpet meeting the specifications. Plaintiff, an allegedly minority woman-owned business, claims that, through a representative in her employ, she contacted defendant seeking a price quotation for supertron, but was told by defendant's territory manager that no price would be quoted because there were already enough people bidding for the contract. Plaintiff was later told that there were "two minorities bidding on the job and that was plenty enough for [defendant] and [they didn't] need another minority or woman-owned business on this project". Plaintiff's representative complained to the secretary of defendant's general manager—the latter being unavailable at the time—about the territory manager's comment. According to plaintiff, the territory manager then, on the eve of the bidding deadline, quoted

plaintiff's representative a price of $15.25 per square yard, F.O.B. Binghamton, Broome County, for supertron carpet and asserted that the price quoted to plaintiff was the same price quoted to others bidding on the project. Convinced that defendant's territory manager was not quoting a fair price for the carpet, plaintiff opted to prepare her bid using "equal" carpet material from another supplier. Although plaintiff was the low bidder, her bid was rejected by the Dormitory Authority because the carpet she proposed to utilize did not meet the project's specifications. The contract was awarded to Albany Custom Floors Inc. (hereinafter Albany).

Plaintiff commenced this action claiming that defendant, in violation of the Executive Law and the Public Authorities Law, offered supertron carpet to Albany and Enjem's Inc., two other bidders, at a price lower than that quoted plaintiff. Bid documents adverted to by plaintiff disclose that the prices bid by Albany and Enjem's were $12.71 and $14.20 per square yard, respectively. After issue was joined plaintiff deposed defendant's territory manager, but defendant refused to produce the general manager and his secretary because it would be burdensome and unwarranted given that they played no part in setting the price for supertron. Plaintiff's motion to compel their production was denied and a cross motion by defendant for summary judgment was granted, prompting this appeal by plaintiff.

■ Although Executive Law § 296 (13) clearly interdicts discrimination, based on gender, in a broad range of commercial activities *(Holly v Pennysaver Corp.,* 98 AD2d 570, 572), and the complaint alleges that defendant discriminated against her business because of gender, aside from noting that lower bids were indeed tendered by Albany and Enjem's, plaintiff offers no proof of any discriminatory animus on the part of defendant. To the contrary, defendant's territory manager, in his deposition, relates a reasonable business purpose for the difference in price—a preexisting contract with Albany dating back to August 1, 1986, and the fact that Albany and Enjem's were defendant's dealers, whereas plaintiff was not. Furthermore, plaintiff does not charge that the criteria established by defendant for selecting its dealers is in any way wrongfully discriminatory. On the other hand, the record does contain uncontradicted and unquestioned evidence of solid business reasons for defendant to offer lower prices to its dealers. To the extent that plaintiff's complaint can be read as being based upon a claimed violation of Executive Law § 296

(13), summary judgment in defendant's favor was therefore fully warranted.

Nor does plaintiff's reliance on Public Authorities Law § 2879 or Executive Law § 313, both of which encourage participation of women and minority-owned businesses in the acquisition and performance of contracts with State agencies and public authorities, require a different result. These statutory provisions affect only the relationship between the State and would-be contractors; they have no bearing on commercial dealings between private businesses. In sum, no statutory claim pleaded in the complaint justifies recovery.

■ And, insofar as the complaint baldly charges defendant with tortious interference with plaintiff's precontractual business relations, it is noteworthy that plaintiff has neither pleaded nor proven an essential element of such a charge, namely, that the interference complained of was effected by unlawful means or by lawful means without justification *(see, Curiano v Suozzi,* 63 NY2d 113, 117; *Quail Ridge Assocs. v Chemical Bank,* 162 AD2d 917, 920, *lv dismissed* 76 NY2d 936). Lastly, there is no indication that the depositions requested by plaintiff would lead to any relevant evidence; Supreme Court quite rightly refused to order defendant to submit to this "fishing expedition".

WEISS, P. J., MIKOLL, MERCURE and CREW III, JJ., concur.

Ordered that the order is affirmed, with costs.