OPINION OF THE COURT
Smith, J.
Pursuant to section 500.17 of the Rules of the Court of Appeals (22 NYCRR 500.17), the United States Court of Appeals for the Second Circuit has certified to this Court the following question:
“whether New York State legislation addressing car rental practices sets forth a sufficiently comprehensive scheme of regulations to preempt further legislation in the field by the municipalities of the state.” (967 F2d 54, 57.)
The question certified is answered in the negative for the reasons that follow.
The Hertz Corporation (Hertz), a Delaware corporation authorized to do business in the State of New York, is engaged in the business of renting vehicles to customers in New York and throughout the country. On January 2, 1992, Hertz announced that it would increase the daily rental rates it charges in the New York City area by $56 for residents of the Bronx, $34 for residents of Brooklyn, $3 for residents of Manhattan and $15 for residents of Queens to offset excess liability losses attributable to renters from those boroughs. In response, the New York City Council adopted a local law * (the Hertz Law) which would amend chapter 4 of title 20 of *568 the Administrative Code of the City of New York to provide that ”[n]o rental vehicle company shall refuse to rent a motor vehicle to any person otherwise qualified based on that person’s residence, nor impose fees or charges based on that person’s residence.” The City also filed a complaint in Supreme Court, New York County, alleging that the rate increases violated (1) State and local law because of their disparate impact on minorities, and (2) section 396-z (10) of the General Business Law. That action is pending.
On March 27, 1992, Hertz commenced this action in the United States District Court for the Southern District of New York seeking injunctive relief, pursuant to Federal Rules of Civil Procedure rule 65, restraining and enjoining the City of New York from enforcing the Hertz Law and, in addition, a judgment declaring the Hertz Law invalid and unenforceable upon the ground that it violates the preemption doctrine of the New York State Constitution (NY Const, art IX, § 2 [c]), the Federal Constitution and the Sherman Antitrust Act. Hertz argued that New York State law regulating the rental vehicle industry preempts the City’s local law. In response, the City cited State law that it claims supports the compatibility of the Hertz Law and State legislation.
The Federal District Court dismissed Hertz’s complaint, stating that the City should not be enjoined from enforcing the Hertz Law. However, the Court barred the City from taking any action to effectuate the law pending the outcome of any appeal by Hertz. On appeal, the United States Court of Appeals for the Second Circuit certified the question to this Court and this Court accepted the certified question (80 NY2d 854).
Hertz contends that the City’s law is inconsistent with and preempted by existing State regulation, especially sections 396-z, 391-g, 391-i and 398-b of the General Business Law, because those State statutes establish a comprehensive and detailed regulatory scheme evincing a legislative intent to preempt municipal laws dealing with rental vehicle company practices. The City argues that the State scheme makes no specific reference to residence-based pricing legislation and does not create the kind of comprehensive and detailed regulatory scheme that evinces an implied intent to preclude the possibility of all further regulation of that industry.
*569 It is well settled that "[a] local law may be ruled invalid as inconsistent with State law not only where an express conflict exists between the State and local laws, but also where the State has clearly evinced a desire to preempt an entire field thereby precluding any further local regulation” (Jancyn Mfg. Corp. v County of Suffolk, 71 NY2d 91, 96-97; see also, New York State Club Assn, v City of New York, 69 NY2d 211, 217, affd 487 US 1; People v New York Trap Rock Corp., 57 NY2d 371, 378; People v De Jesus, 54 NY2d 465, 468-470).
Here, there is no express conflict between the State and local law. Moreover, no preemptive intent in the field of rental vehicle company practices is evident from the Legislature’s declarations in sections 396-z, 391-g, 391-i and 398-b of the General Business Law. Section 396-z was amended in 1988 to deal with specific abuses in the rental vehicle industry. That section, among other things, prohibits a rental vehicle company from imposing charges on a renter, except the rental rate, taxes and mileage charges, if any, as a condition of renting the vehicle. Section 391-g prohibits the agencies from discriminating against renters on the basis of age. Section 391-i forbids discrimination on the basis of credit card ownership and section 398-b prohibits discrimination on the basis of race, color, ethnic origin or sex. None of these statutes addresses the question of whether the rental vehicle companies can refuse to rent cars to an individual or impose fees or charges based on that individual’s residence. Nor is the statutory scheme enacted by the Legislature so broad in scope or so detailed as to require a conclusion that all local law in the area of rental vehicle company practices is preempted. These statutes merely proscribe discriminatory practices against renters or the imposition of additional rental fees, such as fuel and airport surcharges or fees for transportation to the location where the rental vehicle will be delivered. Thus, it cannot be said that the statutory scheme enacted by the Legislature is so broad in scope or so detailed as to preclude all local regulation in the field.
Similarly, the State regulations imposed on all motor vehicles registered in the State, including vehicles owned by rental companies, do not evince an intent by the State to occupy the entire field of rental car company practices. The Vehicle and Traffic Law requires all owners of vehicles, including owners of rental vehicles, to comply with the licensing, registration, safety, inspection, and insurance mandates of the Commis *570 sioner of Motor Vehicles (see, e.g., Vehicle and Traffic Law §§301, 383, 390, 1229-c; see also, Insurance Law § 2131). In addition, the State imposes a special tax on passenger car rentals (Tax Law § 1160). However, these statutes also do not address the question of whether rental vehicle companies can charge rental fees based on area of residency within the State and do not establish that the Legislature "enacted a comprehensive and detailed regulatory scheme in the field” (see, Albany Area Bldrs. Assn, v Town of Guilderland, 74 NY2d 372, 377).
The State legislation in the field applies generally to all vehicles registered in the State and refers occasionally to vehicles owned by rental car companies. In addition, although the State statutes prohibit discrimination against renters on the basis of race, color, ethnic origin, sex, age, and credit card ownership, and bars the imposition of charges, except for rental rates, taxes and mileage, the statutes do not regulate the amounts that these companies can charge to residents of the various areas within the State. Thus, it cannot be said that, by enacting these statutes, the Legislature intended to regulate the entire field of rental vehicle company practices and preempt local legislation on that subject matter.
Accordingly, the question certified should be answered in the negative.
Acting Chief Judge Simons and Judges Kaye, Titone, Hancock, Jr., and Bellacosa concur.
Following certification of a question by the United States Court of Appeals for the Second Circuit and acceptance of the question by this Court pursuant to section 500.17 of the Rules of Practice of the Court of Appeals (22 NYCRR 500.17), and after hearing argument by counsel for the parties and consideration of the briefs and records submitted, certified question answered in the negative.

 This local law (Intro No. 71-A) was passed by the City Council on March 12, 1992 and approved by the Mayor on March 27, 1992, but prior to recordation by the New York City Clerk, the Second Circuit Court of Appeals enjoined the law’s enforcement (see, 967 F2d 54, 57, supra). Had the Hertz Law proceeded along the normal course it would have become Local Law No. 21, a designation adopted by the Federal courts. However, due to *568 the injunction, unrelated legislation was ultimately enacted as Local Law No. 21 of 1992. For purposes of this decision, the pertinent local law will be referred to as the Hertz Law.