**Lillian Edwards HARVEY, Plaintiff,**

**v.**

**NYRAC, INC., d/b/a Budget Rent A Car and Jario Castro, Defendants.**

**No. CV-91-3748.**

United States District Court, E.D. New York.

Feb. 22, 1993.

Roosevelt Seymour, Brooklyn, NY, for plaintiff.

Sharon P. Margello, Apruzzese, McDermott, Mastro & Murphy, Liberty Corner, NJ, for defendants.

## MEMORANDUM AND ORDER

GLASSER, District Judge.

This action arises out of a car rental company's refusal to rent a luxury car to plaintiff Lillian Harvey. She commenced this action under 42 U.S.C. § 1981 and asserted various pendent state law claims. Defendants move for summary judgment on the § 1981 claim and on all of the pendent claims. For the following reasons, defendants' motion is granted in part and denied in part.

## FACTS

Plaintiff Lillian Harvey resides in Brooklyn, New York. She commenced this action against defendant NYRAC Inc., which operates a Budget-Rent-A-Car ("Budget") location at La Guardia Airport (the "La Guardia location"), and Jario Castro, a manager at the La Guardia location. On February 2, 1991, plaintiff called Budget's toll-free hotline to reserve a Lincoln Town car for March 23, 1991—her daughter's wedding day—to transport the bridal entourage to the wedding festivities. Plaintiff alleges that the Budget representative told her that she could rent the car if she was over 25 and had two major credit

cards. Once plaintiff stated that she met those qualifications, the representative in Texas confirmed her reservation as reservation number "0320443165."

However, when plaintiff appeared at the La Guardia location on March 23rd, defendant Castro refused to rent a Lincoln Town Car to her. He stated that office policy prevented him from renting "luxury" automobiles to Brooklyn residents, but Castro claims that he offered to rent a white Crown Victoria to plaintiff instead.[1] The parties dispute whether any Town cars were available for rental that day. Contrast Defs' 3(g) Statement at ¶ 7 (there were no cars available) with Pl's 3(g) Counterstatement at ¶ 2 (plaintiff observed cars on the lot); *see also* Certification of William Fainberg, dated Feb. 9, 1993 at ¶ 3 (the only Town Car in the lot on March 23, 1991, was assigned to a corporate employee and was not available for rental).

On September 25, 1991, plaintiff commenced this action against defendants under 42 U.S.C. § 1981, and asserted pendent state law claims under N.Y. Executive Law § 296(13); N.Y. Civil Rights Law § 40–c; N.Y. General Business Law § 398–b; and for breach of contract.[2] Defendants move for summary judgment on all of plaintiff's claims.[3] For the following reasons, defendants' motion is granted in part and denied in part.

## DISCUSSION

Federal Rule of Civil Procedure 56 provides, in relevant part, that summary judgment "shall be rendered forthwith if ... there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." In opposing a properly supported summary judgment motion, "an adverse party may not rest upon the mere allegations or denials of [its] pleading, but [its] response, by affidavits or as otherwise provided in this rule, must set forth *specific facts* showing that there is a *genuine issue* for trial." Fed. R.Civ.P. 56(e) (emphasis supplied). The non-movant, however, "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

In deciding a summary judgment motion, the court need not resolve disputed issues of fact, but, viewing the evidence in the light most favorable to the adverse party, need only determine whether there is any genuine issue to be tried. *Eastman Mach. Co., Inc. v. United States*, 841 F.2d 469, 473 (2d Cir.1988). A genuine factual issue exists if there is sufficient evidence favoring the non-movant such that a jury could return a verdict in her favor, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986), but "the mere existence of factual issues [pertaining to immaterial facts] will not suffice to defeat a motion for summary judgment." *Quarles v. General Motors Corp.*, 758 F.2d 839, 840 (2d Cir.1985). Finally, "there can be 'no genuine issue as to any material fact' " if the plaintiff exhibits "a complete failure of proof concerning an essential element of [her] case...." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Applying these legal standards to plaintiff's five causes of action, this Court concludes that defendants' motion must be denied in part and granted in part.

1. While plaintiff maintains that Castro sarcastically offered to rent her a jeep, and not a Crown Victoria, Aff. of Lillian Harvey, dated January 20, 1993 at ¶ 13; Pl's 3(g) Counterstatement at ¶ 7, she stated at her deposition on March 5, 1992 that "[Castro] told me to take—he was very arrogant. I said I need a Town Car. I don't know if he told me to rent another size car...." Harvey Dep. at 55. Thus, her accuracy as to this fact is questionable.

2. Defendant Castro moves to dismiss the complaint for untimely service of process pursuant to Fed.R.Civ.P. 4(j). However, he has waived any objection to the insufficiency of service of process by filing an answer on June 2, 1992. Fed.R.Civ.P. 12(h)(1).

3. In the alternative, defendants move for judgment on the pleadings under Fed.R.Civ.P. 12(c). However, as defendants have submitted matters outside of the pleadings, this Court treats their motion as one for summary judgment.

A. *The § 1981 Claim*

Plaintiff alleges that defendants deprived her of her right to enter into a car rental contract in violation of 42 U.S.C. § 1981. Section 1981 provides, in relevant part, "[a]ll persons within the jurisdiction of the United States shall have the same right ... to make and enforce contracts, ... and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by *white citizens* ..."[4] 42 U.S.C. § 1981 (emphasis added). The emphasized language reveals that § 1981 only prohibits racial discrimination. *Carrero v. New York City Housing Auth.*, 890 F.2d 569, 575 (2d Cir. 1989). Furthermore, that section covers racially, discriminatory acts of private individuals and corporations because there is no "state action" requirement. *Albert v. Carovano*, 851 F.2d 561, 571 (2d Cir.1988) (citing *Runyon v. McCrary*, 427 U.S. 160, 168–75, 96 S.Ct. 2586, 2593–96, 49 L.Ed.2d 415 (1976)).

Unlike a Title VII claim which can proceed on either a disparate treatment or disparate impact theory, a § 1981 claim must be predicated on intentional, racial discrimination. *Carovano*, 851 F.2d at 571 (citing *General Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 391, 102 S.Ct. 3141, 3150, 73 L.Ed.2d 835 (1982)). A plaintiff may rely on direct evidence or circumstantial evidence to prove discriminatory intent. *U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 714 n. 3, 103 S.Ct. 1478, 1481 n. 3, 75 L.Ed.2d 403 (1983). Thus, a § 1981 plaintiff may establish that she was subjected to racial discrimination through "any evidence logically supporting an inference of that intent." *Jackson v. RKO Bottlers of Toledo, Inc.*, 743 F.2d 370, 378 (6th Cir.1984).

It is well settled that the respective burdens of proof and persuasion of the parties in a Title VII action under *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), apply equally to a § 1981 action. *Patterson v. McLean Credit Union*, 491 U.S. 164, 186–88, 109 S.Ct. 2363, 2377–79, 105 L.Ed.2d 132 (1989). Thus, as the Court stated in *Burdine:*

> First, the plaintiff has the burden of proving by a preponderance of the evidence a *prima facie* case of discrimination. Second, if the plaintiff [makes this showing], the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." ... Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Id.* 450 U.S. at 252–53, 109 S.Ct. at 1093 (quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 804, 93 S.Ct. 1817, 1824, 1825, 36 L.Ed.2d 668 (1973)). While summary judgment may be appropriate in a discrimination case if the familiar Rule 56 standard is met, *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir.), *cert. denied*, 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985), defendants' motion must be denied on the ground that discovery has yet to be completed which may allow plaintiff to present a *prima facie* case of racial discrimination and because plaintiff has raised genuine issues of material fact concerning the legitimacy of defendants' alleged nondiscriminatory reasons for refusing to enter into a car rental contract with her.

Defendants' motion for summary judgment is premature because discovery has not yet been completed. Rule 56(f) of the Federal Rules of Civil Procedure provides:

4. In *Patterson v. McLean Credit Union*, 491 U.S. 164, 176–78, 109 S.Ct. 2363, 2372–73, 105 L.Ed.2d 132 (1989), the Court held that § 1981 was inapplicable to post-contract discrimination. Congress chose to legislatively overrule *Patterson* by amending § 1981 as part of the Civil Rights Act of 1991. *See* 42 U.S.C.A. § 1981(b) (West 1992) (as amended by Pub.L. 102–166, Title I, § 101, 105 Stat. 1071) (effective Nov. 21, 1991). However, the retroactivity of that amendment is not at issue in this case because, as determined below, the parties never entered into a contract and, therefore, plaintiff's claim revolves around defendants' refusal to enter into a car rental contract with her.

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed.R.Civ.P. 56(f). Generally, "a party seeking such discovery must file an affidavit explaining (1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort the affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." *Hudson River Sloop Clearwater, Inc. v. Dep't of Navy,* 891 F.2d 414, 422 (2d Cir.1989) (citing *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.,* 769 F.2d 919, 926 (2d Cir. 1985)).

In this case, the affidavit of plaintiff's counsel is woefully deficient and only briefly refers to Rule 56(f) to support his request for copies of all of NYRAC's rental agreements from March 22, 1990 to March 22, 1991. *See* Aff. of Roosevelt Seymour at ¶ 8. While Magistrate Judge Azrack has repeatedly denied this request as being unduly burdensome to defendants, who would have to produce approximately 11,000 rental agreements, this Court believes that defendants should at least be required to produce the rental agreements of all Brooklyn residents who rented luxury cars during the months of February and March 1991 in order to determine whether defendants' refusal to rent a luxury car to plaintiff was racially motivated. This is especially so where defendants have conceded that four Brooklyn residents without corporate accounts rented luxury cars during those two months. Furthermore, it may also be appropriate for defendants to disclose whether any other Brooklyn residents were able to rent luxury cars after March 23, 1991.

For this Court to grant summary judgment for defendants before plaintiff has had an opportunity to review rental agreements to determine whether whites are being excepted from a purportedly "race-neutral" policy, would deprive plaintiff of her day in court. In their moving papers, defendants never identify the race of the other individuals who were allowed to rent luxury cars at the La Guardia location without a corporate account. The inference to be drawn from that glaring omission is that plaintiff may be able to show that defendants arbitrarily employed a residence-based, "race-neutral" policy to discriminate against prospective renters. Consequently, their motion for summary judgment on the § 1981 claim must be denied on the present record because plaintiff may be able to present a *prima facie* showing of racial discrimination after further discovery.

Moreover, assuming that plaintiff can make a prima facie showing of racial discrimination, there are genuine issues of material fact regarding the legitimacy of the non-discriminatory reasons articulated by defendants. Defendants claim that, due to the high incidence of auto theft in Brooklyn, the Budget location at La Guardia airport does not rent luxury automobiles to residents of that borough unless they have corporate accounts. Defendants attach two internal office memoranda, dated September 14, 1989, and February 13, 1990, respectively, which, they say, evidence this policy. *See* Exh. D to Aff. of Sharon Margello in Supp. of Defs' Mot.[5]

5. Previously, rental car agencies in New York City were not prohibited from applying residence-based restrictions to prospective renters. However, a recent 1992 amendment to the New York City Administrative Code specifically outlaws the type of policy which NYRAC had instituted at the La Guardia location. In *Hertz Corp. v. City of New York,* 967 F.2d 54 (2d Cir.1992), plaintiff car rental agency brought an action for declaratory and injunctive relief against enforcement of a city ordinance which sought to prohibit car rental agencies from refusing to rent cars to residents of specific boroughs or to increase rental charges to those residents. *Id.* at 66. Hertz argued that broad and comprehensive state law regulation of the car rental market preempted the city's attempt to regulate that industry. *Id.* at 56. The district court dis-

However, there is reason to doubt whether the alleged policy is enforced at all. On at least four occasions in February and March of 1991—just prior to the date of plaintiff's reservation—NYRAC admits that Brooklyn residents, who were not corporate accountholders, were allowed to rent luxury cars from the La Guardia location. *See* Exh. D to Decl. of Roosevelt Seymour, dated January 22, 1993 (defendants' summary of luxury car rentals from March 22, 1990 to March 22, 1991). In addition, plaintiff submits two documents of NYRAC and of Budget which do not state that luxury car rentals will be denied based on a prospective renter's residence. Exh. A to Decl. of Roosevelt Seymour in Opp'n to Defs' Mot. (letter of Debra Valenti of Budget Customer Relations Dep't to New York City Dep't of Consumer Affairs, dated May 10, 1991);[6] Exh. E to *id.* (La Guardia office document listing renter requirements which do not include residential restrictions).[7]

Similarly, defendants contend that their refusal to rent a Lincoln Town Car to plaintiff was non-discriminatory because no such cars were available for rental on March 23, 1991. However, plaintiff states under oath that she observed Lincoln Town Cars in the lot. Aff. of Lillian Harvey at ¶ 16; Pl's 3(g) Counterstatement at ¶ 2. Furthermore, whether Lincoln Town Cars were available for rental on that day is irrelevant. At oral argument, defendants' counsel conceded that there were other luxury cars—e.g., Lincoln Continentals—available for rental, but that defendant Castro still only offered to rent a Crown Victoria to plaintiff instead of a luxury car. Thus, even had there been a Lincoln Town Car available for rental on that day, defendants would have refused to rent it to plaintiff. Accordingly, defendants have failed to show the absence of any genuine issue of material fact to entitle them to summary judgment on the § 1981 claim.

B. *Executive Law § 296(13) Claim*

Plaintiff also alleges that defendants refused to trade with her in violation of section 296(13) of the New York Executive Law. Section 296(13) provides:

> It shall be unlawful discriminatory practice (i) for any person to discriminate against, boycott or blacklist, or to refuse to buy from, sell to or trade with, any person, because of the race, creed, color, national origin or sex of such person ... or (ii) for any person wilfully to do any act or refrain from doing any act which enables any such person to take such action....

N.Y.Exec.Law § 296(13) (McKinney 1982).

Defendant argues that it is entitled to summary judgment as a matter of law because § 296(13) only encompasses discrimination which involves collective action by a group or which is aimed at a particular group, citing *Mehtani v. New York Life*

missed the complaint for failing to state a claim upon which relief could be granted and, on appeal, the court certified the following question to the New York Court of Appeals:

> whether New York State legislation addressing car rental practices sets forth a sufficiently comprehensive scheme of regulations to preempt further legislation in the field by the municipalities of the state.

*Id.* at 57. On December 22, 1992, New York's highest court answered the question in the negative, upholding the local ordinance as not within the state statutory scheme and because that scheme did not evidence an intent to preempt regulation by local governments. *Hertz Corporation v. City of New York,* 80 N.Y.2d 565, 592 N.Y.S.2d 637, 607 N.E.2d 784, (1992). Therefore, it is clear that defendants can no longer follow a residence-based policy at the La Guardia location.

6. That letter indicates that a person: (1) must be 25 or over; (2) must have two major credit cards; and (3) must have a round trip airline ticket into and out of the airport in order to rent a luxury car from the La Guardia location. Plaintiff alleges that she had a round trip air ticket in her possession on March 23, 1991, but that no one asked her to produce it. Aff. of Lillian Edwards Harvey, dated January 20, 1993 at ¶ 15. The court notes that plaintiff has not submitted a copy of that airline ticket.

7. Interestingly, even NYRAC's own agents do not understand the extent of that policy. *Compare* Dep. of Richard Fainberg, assistant general manager at La Guardia location, at 7–8 (rental limitation only applies to Brooklyn residents) *with* Dep. of Sharon Lewis, rental agent at La Guardia location, at 9–10 (rental limitation applies to residents of all five New York City boroughs).

*Ins. Co.,* 145 A.D.2d 90, 94–95, 537 N.Y.S.2d 800, 803 (1st Dep't 1989), *appeal dismissed in part and denied in part,* 74 N.Y. 835, 546 N.Y.S.2d 341, 545 N.E.2d 631 (1989), and does not apply where, as here, an individual plaintiff alleges that she was discriminated against. However, the scope of that section is not as narrowly drawn as defendant suggests. New York courts have broadly read § 296(13) to encompass all forms of discrimination involving commercial endeavors, including those in which the defendant refuses to trade with a particular individual. *See, e.g., West v. Mohawk Commercial Carpets,* 183 A.D.2d 182, 183–84, 589 N.Y.S.2d 218, 219–20 (3d Dep't 1992) (applying the gender discrimination provision of § 296(13) to a carpet manufacturer's refusal to sell specialty carpet to company owned by women); *Holly v. Pennysaver Corp.,* 98 A.D.2d 570, 572, 471 N.Y.S.2d 611, 613 (2d Dep't 1984) (broad language of § 296(13) is not limited to boycotts instituted by foreign governments but is meant to cover all forms of commercial activity). Accordingly, since this Court agrees that the express language of § 296(13) would encompass a car rental company's refusal to trade with an individual on account of race, defendants' summary judgment motion on this claim is denied.

C. *General Business Law § 398–b Claim*

Section 398–b of the New York General Business Law provides that: "No car or vehicle rental agency shall refuse to rent a car or vehicle to any person, otherwise qualified because of race, color, ethnic origin or sex." N.Y.Gen.Bus.Law § 398–b (McKinney 1984). Plaintiff claims that defendants violated this statute by refusing to rent her a luxury car on March 23, 1991. Defendant counters that it only refused to rent her a luxury car based on her Brooklyn residence but offered to rent her another car which was not a luxury model instead. However, if plaintiff can establish that defendants' refusal to rent her a luxury car was racially motivated, then § 398–b as a remedial statute may provide her with a remedy for that discrimination. Accordingly, as this too must await further discovery of NYRAC's car rental agreements, defendants' motion on this claim is denied.

D. *Remaining Claims*

Plaintiff also alleges that defendants violated N.Y. Civil Rights Law § 40–c, which provides that "[n]o person shall, because of race ... be subjected to any discrimination in h[er] civil rights ... by any other person or by any firm, corporation or institution ..." N.Y.Civ.Rts.Law § 40–c (McKinney 1992). However, as defendants correctly note, a plaintiff must first notify the Attorney General of the State of New York at or before commencing an action under that section. N.Y.Civ. Rts.Law § 40–d (McKinney 1992). Failure to comply with that statutory prerequisite mandates dismissal of the claim. *Silver v. Equitable Life Assurance Soc'y,* 168 A.D.2d 367, 368, 563 N.Y.S.2d 78, 80 (1st Dep't 1990). *See also People v. Fuller,* 590 N.Y.S.2d 159, 161–63 (N.Y.City Crim.Ct. 1992) (citing *Silver* and reviewing the historical background of § 40–d for the proposition that the notice requirement only applies to civil actions, but not to criminal prosecutions). Here, plaintiff has not alleged that she filed a timely notice. Accordingly, summary judgment shall be entered against plaintiff on this claim.

Finally, plaintiff brings a breach of contract claim against the defendants. It is axiomatic that a contract must be supported by consideration which, under New York law, "may consist of some right, interest, profit or benefit accruing to one party, or some forbearance, detriment, loss or responsibility given, suffered or undertaken by the other." *Holt v. Feigenbaum,* 52 N.Y.2d 291, 299, 437 N.Y.S.2d 654, 658, 419 N.E.2d 332 (1981). Here, plaintiff never entered into a formal rental contract on March 23, 1991 because defendants refused to rent her a car. Indeed, plaintiff only reserved a car for that day, but did not obligate herself to rent the car. Thus, she could have decided not to rent the car on the appointed day—or she could have rented a car from any other car rental agency—without incurring any contractual liability.

Plaintiff, citing the doctrine of promissory estoppel, argues that she had an option contract because NYRAC could foresee that she would rely to her detriment on its promise to supply a Lincoln Town Car on the appointed day. However, as plaintiff concedes, when she made her car rental reservation, she was told that a white Lincoln Town Car may not be available on that day, Harvey Dep. at 18, and that she was aware that reservations can not always be filled as requested. Harvey Dep. at 58. Therefore, it is obvious that defendants could not foresee that plaintiff would rely on the reservation to her detriment, and the contract is void for lack of consideration. Accordingly, defendants are entitled to summary judgment on the breach of contract claim.

E. *Defendant Castro*

Defendant Castro moves for summary judgment on the ground that he cannot be personally liable to plaintiff because he was acting pursuant to his employer's policy in refusing to rent a luxury car to plaintiff. As defendant properly concedes, an individual employee may be held liable under § 1981 for intentionally depriving another of the right to contract with the discriminator's employer. *Moffett v. Gene R. Glick Co.,* 604 F.Supp. 229, 235 (N.D.Ind.1984); *Jeter v. Boswell,* 554 F.Supp. 946, 953–54 (N.D.W.Va.1983). In this case, Castro contends that he was following NYRAC's "race-neutral" non-rental policy. However, he has not identified the race of the four individuals who were allowed to rent similar luxury cars only a few days prior to plaintiff's appearance. One can only surmise whether Castro would have been inclined to allow another unsatisfied customer—who happened to be white—to rent a Lincoln Town Car. He may not hide behind purportedly race-neutral policies when this Court has already questioned the pretextual nature of those policies. Accordingly, Castro's motion for summary judgment is also denied.

CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is denied as to the § 1981 claim; the N.Y. Executive Law § 296(13) claim; and the N.Y. General Business Law § 398–b claim; defendants' motion is granted as to the N.Y Civil Rights Law § 40–c claim and the breach of contract claim; and defendant Castro's motion for summary judgment as to his individual liability is denied.

SO ORDERED.