New York State Div. of Human Rights v Town of Oyster Bay (2019 NY Slip Op 08416)





New York State Div. of Human Rights v Town of Oyster Bay


2019 NY Slip Op 08416


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2016-11995
 (Index No. 608105/15)

[*1]New York State Division of Human Rights, respondent, 
v
Town of Oyster Bay, et al., appellants, et al., defendants.


Covington & Burling LLP, New York, NY (Christian J. Pistilli of counsel), for appellant Town of Oyster Bay.
L'Abbate, Balkan, Colavita & Contini, LLP, Garden City, NY (Peter L. Contini and Michael W. Wynn of counsel), for appellant Long Island Housing Partnership, Inc.
Robert A. Goldstein, Bronx, NY (Jacqueline L. Spratt of counsel), for respondent.



DECISION & ORDER
In an action to remedy alleged violations of Executive Law § 296 for discrimination on the basis of race and color, the defendants Town of Oyster Bay and Long Island Housing Partnership, Inc., separately appeal from an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), entered November 28, 2016. The order, insofar as appealed from by the defendant Town of Oyster Bay, denied those branches of that defendant's motion which were pursuant to CPLR 3211(a) to dismiss the first, second, third, fourth, and sixth causes of action and so much of the fifth cause of action as alleged discrimination on the basis of disparate treatment insofar as asserted against it. The order, insofar as appealed from by the defendant Long Island Housing Partnership, Inc., denied that defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the separate motions of the defendants Town of Oyster Bay and Long Island Housing Partnership, Inc., which were pursuant to CPLR 3211(a)(7) to dismiss the first, second, third, and sixth causes of action insofar as asserted against each of them, and substituting therefor a provision granting those branches of those motions; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the defendants Town of Oyster Bay and Long Island Housing Partnership, Inc.
The plaintiff commenced this action alleging that the defendants, in violation of article 15 of the Executive Law (the Human Rights Law), engaged in discrimination on the basis of race and color by means of the defendant Town of Oyster Bay's Next Generation and Golden Age housing programs. The plaintiff alleged that those programs perpetuated segregation in the Town by effectively restricting the sale of housing units under those programs to existing residents of the Town and their parents or children.
The plaintiff, which sought to remedy the alleged violations, asserted six causes of [*2]action, alleging: (1) discrimination in the sale, rental, or lease or in otherwise denying or withholding of a housing accommodation in violation of Executive Law § 296(2-a)(a) and (5)(a)(1); (2) discrimination in the terms and conditions of the sale of a housing accommodation in violation of Executive Law § 296(2-a)(b) and (5)(a)(2); (3) printing and circulating statements, advertisements, or publications and using applications directly or indirectly expressing discrimination in violation of Executive Law § 296(2-a)(c-1) and (5)(a)(3); (4) refusing to sell or trade, or otherwise discriminating, and willfully doing acts which enable persons to refuse to sell, trade, or otherwise discriminate based upon race and color in violation of Executive Law § 296(13); (5) aiding, abetting, inciting, and compelling acts of discrimination in violation of Executive Law § 296(6); and (6) representing that a change in the racial and color composition of the area will result in undesirable consequences in order to induce real estate transactions in violation of Executive Law § 296(3)(b).
The Town and the defendant Long Island Housing Partnership, Inc. (hereinafter LIHP), separately appeal from an order of the Supreme Court which, inter alia, denied their separate motions pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them.
To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations and conclusively establish a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d 83, 88). We agree with the Supreme Court's determination to deny that branch of LIHP's motion which was pursuant to CPLR 3211(a)(1), as the documents submitted did not utterly refute the plaintiff's allegations and conclusively establish a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326; Leon v Martinez, 84 NY2d at 88).
On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Connolly v Long Is. Power Auth., 30 NY3d 719, 728; Leon v Martinez, 84 NY2d at 87-88).
Executive Law § 296(2-a) and (5)(a) specifically set forth the categories of actors which may be held liable for engaging in the unlawful discriminatory practices that are defined within the statute (see Griffin v Sirva, Inc., 29 NY3d 174, 181). Executive Law § 296(2-a) identifies those actors as "the owner, lessee, sub-lessee, assignee, or managing agent of publicly-assisted housing accommodations or other person having the right of ownership or possession of or the right to rent or lease such accommodations." Executive Law § 296(5)(a) identifies those actors as "the owner, lessee, sub-lessee, assignee, or managing agent of, or other person having the right to sell, rent or lease a housing accommodation, constructed or to be constructed, or any agent or employee thereof."
Here, inasmuch as the Town and LIHP are not within the categories of actors set forth in Executive Law § 296(2-a) and(5)(a), the Supreme Court should have granted those branches of their separate motions which were pursuant to CPLR 3211(a)(7) to dismiss the first, second, and third causes of action insofar as asserted against each of them. However, the Town's and LIHP's liability for allegedly aiding and abetting violations of Executive Law § 296(2-a) and (5)(a) was properly pleaded in the plaintiff's fifth cause of action, alleging violations of Executive Law § 296(6), and thus, we agree with the court's denial of dismissal of that cause of action insofar as asserted against the Town and LIHP.
We agree with the Supreme Court's denial of those branches of the motions of the Town and LIHP which were pursuant to CPLR 3211(a)(7) to dismiss the plaintiff's fourth cause of action insofar as asserted against each of them, as the complaint sufficiently pleaded a cause of action under Executive Law § 296(13) (see Holly v Pennysaver Corp., 98 AD2d 570, 571; Harvey v NYRAC, Inc., 813 F Supp 206, 206 [ED NY]; cf. Scott v Massachusetts Mut. Life Ins. Co., 86 NY2d 429, 436-437).
The plaintiff concedes that dismissal of the sixth cause of action insofar as asserted against the Town and LIHP should have been directed pursuant to CPLR 3211(a)(7) (see Executive Law § 296[3][b]).
Contrary to the contentions of the Town and LIHP, the complaint can be fairly read to assert claims of both intentional and disparate impact discrimination (see U.S. v Town of Oyster Bay, 66 F Supp 3d 285, 291 [ED NY]; see also Winfield v City of New York, 2016 WL 6208564, *6-7, 2016 US Dist LEXIS 146919, *18-26; [SD NY, 15CV5236-LIS-DCF]).
LIHP's remaining contentions are without merit.
CHAMBERS, J.P., MALTESE, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court