■ In the Matter of TOMMY AND TINA, INC., et al., Appellants, v DEPARTMENT OF CONSUMER AFFAIRS OF THE CITY OF NEW YORK, Respondent. — Judgment, Supreme Court, New York County (Tompkins, J.), entered January 24, 1983, denying petitioners' application to annul respondent's determinations revoking petitioners' common show game licenses, affirmed, without costs and disbursements. Respondent, the Department of Consumer Affairs of the City of New York, on June 10, 1981, amended its regulations to permit the issuance of a common show game license, which permits the installation of a video game in any premises not located "within 200 feet of a private elementary or secondary school" (Department of Consumer Affairs, regulation 1A). Previously, video game permits had been restricted to certain specific premises, which did not include pizzerias. Petitioners, the proprietors of two pizzerias, the building line of each of which is located within 200 feet of the property line of a school, but more than 200 feet from the school door, contend, *inter alia,* that the 200-foot rule is vague and thus invalid because it does not define how the 200 feet are to be measured, and that no legitimate State concern is furthered by drawing the line from the building line of the premises to the property line of the school. "[A]n administrative agency's construction and interpretation of its own regulations and of the statute under which it functions is entitled to the greatest weight." (*Matter of Herzog v Joy,* 74 AD2d 372, 375.) Absent an arbitrary and capricious regulation or interpretation of said regulations, courts should defer to the agency. "[I]t is not necessary that the Legislature apply administrative officials with rigid formulas in fields where flexibility in the adaptation of the legislative policy to infinitely variable conditions constitute[s] the very essence of the programs. Rather, the standards prescribed by the Legislature are to be read in light of the conditions in which they are to be applied." (*Matter of Nicholas v Kahn,* 47 NY2d 24, 31, citing *Matter of Broidrick v Lindsay,* 39 NY2d 641, 646; *Matter of Sullivan County Harness Racing Assn. v Glasser,* 30 NY2d 269, 276-277.) The Department of Consumer Affairs is empowered to supervise and regulate all licensed activities to protect the public against unfair and unconscionable practices and to promote standards of integrity, honesty and fair dealing (Administrative Code of City of New York, § 773-1.0). In this case the Department of Consumer Affairs has been empowered to regulate the licensing and placement of video games. In furtherance of its mandate the department has chosen to establish a "video-free zone", within which the games may not be operated, and to use the boundaries of the school property as a measuring point upon the theory that keeping the games as far as possible from the school will reduce truancy and wasteful spending of lunch and transportation money by children on computer

games. That the State Liquor Authority, as the dissent notes, draws its line from the "center of the nearest entrance" to the school to the "center of the nearest entrance" to the licensed premises is irrelevant, since, unlike here, subdivision 7 of section 64 of the Alcoholic Beverage Control Law expressly provides for such specific measurement. Moreover, from the perspective of the interest to be served by the 200-foot ban, the analogy fails since children under the age of 19 are prohibited, in any event, from buying alcohol (Alcoholic Beverage Control Law, § 65), but not from playing video games. The concern of Consumer Affairs is to keep the video games as far as is reasonably permissible from a school, and the area surrounding it, where children obviously congregate regularly and in large numbers. Minimization of the opportunity for children to enter stores where video games are available is reasonably related to the department's responsibility to further consumer protection. Concur — Sandler, Sullivan, Bloom and Alexander, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I dissent and would annul. At issue is whether the petitioners-appellants have violated the provisions of subdivision a of section B32-41.0 of the Administrative Code of the City of New York: "It shall be unlawful for any person to act as a common show operator without a license therefor." Regulation 1(A) of the Department of Consumer Affairs, in furtherance thereof, provides that common show licenses (here coin-operated video games) shall not be issued for any "premises within 200 feet of a private or public elementary or secondary school." This is obviously based on the provisions of subdivision 7 of section 64 and subdivision 3 of section 105 of the Alcoholic Beverage Control Law. However, subdivision 7 of section 64 of the Alcoholic Beverage Control Law provides that the measurements shall be from the "center of the nearest entrance of such school" to the "center of the nearest entrance of the premises to be licensed", with the word entrance being defined as a door. Community opposition does not change the approach. (See *Matter of Circus Disco v New York State Liq. Auth.*, 51 NY2d 24.) If the State Liquor Authority interpretation is applied, then the petitioners-appellants have complied and are more than 200 feet away. However, without any guidelines, the Department of Consumer Affairs inspector has determined by direction of his office that the measurements are to be taken from the building line to the building or property line, and with that definition, the premises of the petitioners-appellants are in violation and cannot be licensed. There being no basis in law for the latter definition, which could expand or contract, depending on whether, for example, the school had a football field, the interpretation must be considered arbitrary and capricious, and, accordingly, the determination revoking the common show licenses should be annulled.