OPINION OF THE COURT
George Bundy Smith, J.
By order to show cause dated December 19, 1983, petitioner Great Neck Electric, Inc. (Great Neck), seeks an order setting aside an award or a proposed award of contract by the City of New York (City) to Marie Mechanical, Inc., for the installation of an emergency generator set and its related equipment at the Brooklyn Central Courts Building. Action Electrical Contractors Co., Inc. (Action), seeks leave to intervene and to have any contract awarded to it.
On or about November 14, 1983, the Department of General Services accepted bids for the installation of an emergency generator set and equipment in the Brooklyn Central Courts Building. When the bids were opened on November 15, 1983, the lowest bids were as follows:
1. Great Neck
2. Action
3. Marie
$180,000
$183,183
$185,000
*281 By a letter dated November 29, 1983, petitioner Great Neck was informed that its low bid was rejected because of a failure to complete an employment report as required by section 18 of the “Information for Bidders” section of the booklet entitled Information for Bidders, Bid, Agreement, Bonds and Specifications. The papers of the respondent City also state that the petitioner Great Neck indicated that it has no pension plan for certain employees, a further ground for rejection of its bid.
The basis of the rejection of the bid by petitioner Great Neck was its failure to complete an employment report, specifically that portion of the report designed to show the number of minorities and women in its work force. Thus Great Neck’s bid was rejected because it failed to comply with the requirements for submission of a bid. In an affidavit attached to the answering papers, the Commissioner of the Department of General Services of the City of New York, Robert Litke, outlines the reasons for the requirement of the submission of the documents prior to the bids being opened. It appears from his affidavit that tremendous delays in the implementation of contracts occurred because of the failure of contractors to submit information after the bids were opened. The employment report is just one portion of the information which must be submitted. It goes without saying that the policy of requiring information to be submitted prior to the bids being opened has saved the City money and made the implementation of contracts more efficient.
The requirement of the submission of an employment report is in furtherance of a policy of nondiscrimination in employment as required, inter alia, by Mayor’s Executive Order No. 50.
In support of the instant motion petitioner argues that under the cases of Subcontractors Trade Assn. v Koch (96 AD2d 774); Matter of Fullilove v Beame (48 NY2d 376); and Matter of Broidrick v Lindsay (39 NY2d 641), Executive Order No. 50 is usurping legislative prerogatives and is therefore unconstitutional. Petitioner asserts that it is committed to a policy of nondiscrimination and that it would be a waste of funds not to give the contract to the lowest bidder. Petitioner further argues that under Mayoral Executive Order No. 50 (6) (b) it cannot be rejected *282 because a hearing is mandated prior to any determination of noncompliance with Executive Order No. 50. Petitioner also states the lack of a registered pension plan is no basis to reject a bid.
In opposition the respondent contends that it may decline bids which do not comply with bid specifications. Therefore the failure to complete the employment report was a valid ground upon which to reject petitioner’s bid. Respondent argues that the purpose of Executive Order No. 50 is to ensure that each potential contractor intends to comply with the equal employment opportunity laws and it is constitutional.
It should be emphasized that there has been no finding that petitioner Great Neck has failed to comply with Mayoral Executive Order No. 50. Such a finding would require a hearing if the issue were disputed. Petitioner’s bid was rejected because it failed to complete the information necessary for it to be awarded a bid.
The challenged Executive Order No. 50 is aimed at ensuring that corporations that benefit from government contracts provide employment opportunities on a nondiscriminatory basis. A municipality has the power to establish the strict terms pursuant to which it will or will not contract. (Le Cesse Bros. Contr. v Town Bd., 62 AD2d 28, affd 46 NY2d 960.) Absent arbitrary and capricious regulations or interpretations of said regulations, courts should defer to the agency. (Matter of Tommy & Tina v Department of Consumer Affairs, 95 AD2d 724.) Petitioner’s deliberate refusal to submit a completed employment report, although on notice that same was necessary to the submission of its bid, was a material variance of the bid specifications. Therefore, the respondents’ rejection of petitioner’s bid was proper.
Petitioner’s complaint that Executive Order No. 50 is unconstitutional because it mandates quotas is also untenable. The requirement to fill out an employment report is not mandating a quota (see Matter of Broidrick v Lindsay, supra), nor is it imposing on potential contractors the requirement to institute an affirmative action program. (See Matter of Fullilove v Beame, 48 NY2d 376, supra.)
The dissenting opinion in Subcontractors Trade Assn. v Koch (supra) is applicable here. It is clear that Executive *283 Order No. 50 “is not toward the establishment of ‘racial quotas’ but, rather toward improving the economic viability of depressed and deprived areas of the city by providing that the attempt be made to ensure that small enterprises conducting business in those areas, or employing economically disadvantaged persons, receive a greater share of all construction contracts awarded by the city” (96 AD2d, at p 775). Executive Order No. 50 is necessary to accommodate broad legislative policy which has the salutary purpose of eliminating discrimination in employment. The need for an employment report is therefore not legislation by executive fiat.
Accordingly, the petitioner’s demand that it be awarded the contract is denied and the petition is dismissed. The stay is vacated.
Turning to the claim of Action, there is no opposition to its application to intervene and the application is granted.
The basis of the claim of Action that it should be awarded the bid is the fact that it was the second lowest bidder. Action claims that it has been informally advised that its bid in this case was rejected because the Comptroller of the City of New York had determined that Action had failed to provide supplemental benefits to its electricians and apprentices in certain Housing Authority contracts and had thus violated section 220 of the Labor Law. That matter is now on appeal to the Supreme Court, Appellate Division. Action has included in its papers a copy of an order by Justice Allen Murray Myers which enjoined the New York City Housing Authority and the Comptroller of the City of New York from disqualifying Action from further bidding or awards because of the determination of the Comptroller pending the review by the Appellate Division. Action’s argument here is that there is currently no reason why it should not have been awarded the bid.
Action has not submitted any document from the City indicating the reason for its rejection nor does it indicate that a formal request for such a reason has been made. It view of this, the claim of Action that it should be awarded the bid in question is denied without prejudice.