OPINION OF THE COURT
Jane S. Solomon, J.
In this CPLR article 78 proceeding, petitioners seek to set aside the order issued by the Environmental Control Board (ECB) on September 24, 1997 on the grounds that (i) ECB should not have considered the Department of Environmental Protection (DEP) appeal, and (ii) ECB’s determination on appeal was arbitrary and capricious and contrary to the law and the facts.[1] Respondent DEP opposes the petition, which is denied for the reasons set forth below.
BACKGROUND
This dispute concerns the issuance of notices of violation (NOV) on April 4, 1996 in response to complaints of excessive noise at petitioner Reminisce Bar and Lounge (the Club), a nightclub at 334 East 73rd Street, New York, New York. Petitioner Elliana Properties owns the building in which the Club is located. DEP is an administrative agency which, inter alia, enforces laws, rules and regulations for the purpose of eliminating noise pollution. ECB is an administrative agency which, inter alia, conducts proceedings for the adjudication of laws, rules and regulations relating to noise pollution.
On April 4, 1996, at approximately 10:30 p.m., DEP inspectors went to the Club to investigate a complaint of excessive noise made by a tenant residing above the Club. The DEP inspectors found that the music being played at the Club exceeded the allowable sound levels set forth in section 24-241.1 (a) of the Administrative Code of the City of New York. Following DEP procedures, the inspectors took several noise level readings in the complainant’s apartment with the windows closed. One inspector then left the apartment and went into the Club to transmit the music to the other inspector by walkie-talkie so as to verify that the music was coming from the Club. The inspector who remained in the apartment took 12 noise readings, including three ambient readings to *642 determine how much sound was from the Club and how much was from noise in the environment or so-called ambient noise.[2] NOVs were issued to the Club and to Elliana Properties.
The NOVs directed petitioners to appear before the ECB on June 4, 1996. The hearing was adjourned to July 30, 1996. Administrative Law Judge (ALJ) Amy Slifka conducted the hearing with regard to four NOVs issued to petitioners,[3] including the two issued on April 4, 1996. On August 5, 1996, the ALJ dismissed the April NOVs. She found that because the music was never off “the test was not conducted properly and the readings are not valid.”
By letter to ECB, dated September 5, 1996, DEP requested a 60-day extension of time to file an appeal of the August 5, 1996 decision “due to the review process and the heavy caseload that [DEP] is currently experiencing.” Petitioners opposed DEP’s request, which ECB nonetheless granted on October 24, 1996. DEP appealed the August 5, 1996 decision on October 31, 1996. On September 24, 1997, ECB reversed the ALJ’s decision and found that petitioners violated Administrative Code § 24-241.1 (a) by causing and permitting excessive noise, and imposed a civil penalty of $2,400 against each of the petitioners. Petitioners subsequently brought this proceeding.
DISCUSSION
In reviewing administrative determinations, “[t]he courts cannot interfere unless there is no rational basis for the exercise of discretion or the action complained of is ‘arbitrary and capricious.’ ” (Matter of Pell v Board of Educ., 34 NY2d 222, 231 [1974] [citation omitted].) Moreover, “‘an administrative agency’s construction and interpretation of its own regulations and of the statute under which it functions is entitled to the greatest weight.’ ” (Matter of Tommy & Tina, Inc. v Department of Consumer Affairs, 95 AD2d 724 [1st Dept 1983], affd 62 NY2d 671 [1984] [citation omitted].)
Petitioners first argue that ECB did not have the authority to consider DEP’s appeal because it was not filed within the 30 days following the mailing of the ALJ’s August 4, 1996 deci *643 sion as required under 15 RCNY 31-55 (b).[4] This argument is without merit. At the time of DEP’s request, there was no rule governing extensions of time to appeal. However, it was ECB’s long-standing policy to extend the time to appeal where, as in this case, the request was made within the 30-day limit to file the appeal. This court will not interfere with this policy which was a rational and practical response to the absence of any rule governing extensions of time to appeal.[5] Accordingly, ECB rationally granted DEP an extension of time to appeal.
Petitioners next argue that there was no basis for finding that it violated the noise regulations on April 4, 1996 because the music in the Club was never off. This argument is unavailing. ECB rationally found that DEP’s procedure for taking ambient readings in cases like this one, which involve commercial music, was sufficient. In particular, ECB accepted DEP’s argument that the music did not have to be turned off to take the ambient readings and found that it “is sufficient that there be periodic drops in volume during the measurement period in order to compute the sound attributable to the Club’s music during peak volume levels.” And, contrary to petitioners’ argument, there was testimony that the ambient readings were taken during lulls in the music. Accordingly, the ECB’s determination was not arbitrary or capricious, and the court will not second-guess the agency’s judgment in its area of expertise.
The court has considered petitioners’ other arguments and found them to be without merit.
Accordingly, the petition is dismissed.

. Although ECB is not named as a respondent, the petition challenges the actions of both DEP and ECB. Accordingly, the petition has been construed by ECB as including it as a respondent.

. Section 24-203 (g) of the Administrative Code provides that “[a]mbient noise means the all-encompassing noise associated with a given environment, being usually a composite of sounds from many sources near and far.”

. DEP had investigated a prior complaint in February and, as a result, had issued two NOVs. The ALJ dismissed the February NOVs but DEP did not appeal their dismissal.

. This rule provides, in part, that “[a]ny party aggrieved by the hearing officer’s recommended decision and order may within 30 days of service of the same upon him, file written exceptions with the board and upon all parties.” (15 RCNY 31-55 [b].)

. In October 1997, ECB amended its rules to include a provision governing the extensions of time to appeal. (See, 15 RCNY 31-72 [b] [permitting an extension of time to file an appeal when made within the 20 days following the mailing of the ALJ’s decision].)