[859 NE2d 473, 825 NYS2d 667]

In the Matter of Food Parade, Inc., Doing Business as Greenfield Shoprite, Respondent, v Office of Consumer Affairs of County of Nassau et al., Appellants.

Argued September 14, 2006; decided October 24, 2006

## POINTS OF COUNSEL

*Lorna B. Goodman, County Attorney,* Mineola (*Peter J. Clines* of counsel), for appellants. I. The Appellate Division decision ignores controlling principles of consumer protection law and leaves consumers vulnerable to the deceptive sale of expired goods. (*Matter of Pathmark Stores v Office of Consumer Affairs of County of Nassau,* 1 AD3d 520; *Reusens v Gerard,* 160 App Div 625, *affd sub nom. de Ridder v Gerard,* 221 NY 665; *FTC v Colgate-Palmolive Co.,* 380 US 374; *FTC v Algoma Lumber Co.,* 291 US 67; *Vallery v Bermuda Star Line,* 141 Misc 2d 395; *People v Volkswagen of Am.,* 47 AD2d 868; *Guggenheimer v Ginzburg,* 43 NY2d 268; *McDonald v North Shore Yacht Sales,* 134 Misc 2d 910; *23 Realty Assoc. v Teigman,* 213 AD2d 306; *Maldonado v Collectibles Intl., Inc.,* 969 F Supp 7.) II. The decision upsets the traditional deference accorded to administrative determinations by this Court and other judicial departments. (*Matter of 172 E. 122 St. Tenants Assn. v Schwarz,* 73 NY2d 340; *Seittelman v Sabol,* 91 NY2d 618; *Matter of Elcor Health Servs. v Novello,* 100 NY2d 273; *Matter of Marzec v DeBuono,* 95 NY2d 262; *Matter of American Tel. & Tel. Co. v State Tax Commn.,* 61 NY2d 393; *NLRB v Hearst Publications, Inc.,* 322 US 111; *Matter of Nelson v Roberts,* 304 AD2d 20; *Matter of Dunn Appraisal Co. v Melton,* 79 AD2d 707; *Matter of Howard v Wyman,* 28 NY2d 434; *Matter of Louis Harris & Assoc. v deLeon,* 84 NY2d 698.)

*Rivkin Radler LLP,* Uniondale (*Merril S. Biscone, Evan H. Krinick* and *Michael P. Versichelli* of counsel), for respondent. I. The Supreme Court's order should be affirmed in light of the fact that the determination of the Office of Consumer Affairs was arbitrary, capricious, irrational and without jurisdiction. (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222; *Matter of Borenstein v New York City Employees' Retirement Sys.,* 88 NY2d 756; *Matter of Maryhaven Ctr. of Hope v Wing,* 251 AD2d 413, 92 NY2d 889; *Matter of Valle v Buscemi,* 233 AD2d 334; *Matter of 4M Holding Co. v Town Bd. of Town of Islip,* 185 AD2d 317, 81 NY2d 1053; *Matter of VR Equities v New York City Conciliation & Appeals Bd.,* 118 AD2d 459; *Robin v Incorporated Vil. of Hempstead,* 30 NY2d 347; *Kamhi v Town of Yorktown,* 74 NY2d 423; *Albany Area Bldrs. Assn. v Town of Guilderland,* 74 NY2d 372; *Consolidated Edison Co. of N.Y. v*

*Town of Red Hook,* 60 NY2d 99.) II. The instant proceeding was not premature. (*Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52; *Lehigh Portland Cement Co. v New York State Dept. of Envtl. Conservation,* 87 NY2d 136; *Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York,* 301 AD2d 845; *Matter of Parkway Hosp. v Axelrod,* 178 AD2d 644, 80 NY2d 921; *Matter of Good Samaritan Hosp. v Axelrod,* 150 AD2d 775, 75 NY2d 703; *Bankers Trust Corp. v New York City Dept. of Fin.,* 301 AD2d 321, 99 NY2d 507.)

*Eliot Spitzer, Attorney General,* New York City (*Daniel Smirlock, Laura Etlinger, Jane M. Azia* and *Thomas G. Conway* of counsel), amicus curiae. I. Deceptive practices laws are properly construed to include the sale of expired products. (*Blue Cross & Blue Shield of N.J., Inc. v Philip Morris USA Inc.,* 3 NY3d 200; *Karlin v IVF Am.,* 93 NY2d 282; *Goshen v Mutual Life Ins. Co. of N.Y.,* 98 NY2d 314; *New York v Feldman,* 210 F Supp 2d 294; *Maldonado v Collectibles Intl., Inc.,* 969 F Supp 7; *Matter of State of New York v Maiorano,* 189 AD2d 766; *Gaidon v Guardian Life Ins. Co. of Am.,* 94 NY2d 330; *Small v Lorillard Tobacco Co.,* 94 NY2d 43; *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank,* 85 NY2d 20; *People v Apple Health & Sports Clubs,* 206 AD2d 266, 84 NY2d 1004.) II. General Business Law §§ 820 and 821 do not preempt the County of Nassau's efforts to regulate the sale of expired over-the-counter drugs. (*Jancyn Mfg. Corp. v County of Suffolk,* 71 NY2d 91; *People v De Jesus,* 54 NY2d 465; *Hertz Corp. v City of New York,* 80 NY2d 565; *New York State Club Assn. v City of New York,* 69 NY2d 211; *Myerson v Lentini Bros. Moving & Stor. Co.,* 33 NY2d 250; *People v Lewis,* 295 NY 42; *People v Judiz,* 38 NY2d 529.)

**OPINION OF THE COURT**

ROSENBLATT, J.

Many consumer goods bear expiration dates, as required by law. In the case before us, a supermarket displayed a number of products bearing expired dates. We must decide whether this is a deceptive trade practice within the meaning of the Nassau County Administrative Code. We hold that offering such products for sale is not deceptive unless the retailer alters or disguises the expiration dates. Without doubt, the Legislature may prohibit and punish the sale of certain outdated or stale products. We cannot, however, fit such sales or displays into the code's "deceptive trade practice" proscription.

Local Law No. 2-1970 of the County of Nassau, adding Nassau County Administrative Code, chapter XXI, title D, § 21-10.2 (the Act), reads as follows, in pertinent part:

"1. Unfair Trade Practices Prohibited . . .

"(a) . . . No person shall engage in any deceptive or unconscionable trade practice in the sale . . . or in the offering for sale . . . of any consumer goods . . .

"2. Definitions . . .

"b. 'Deceptive trade practice.' Any false . . . or misleading oral or written statement, visual description or other representation of any kind, which has the capacity, tendency or effect of deceiving or misleading consumers and is made in connection with the sale . . . or . . . the offering for sale . . . of consumer goods . . . . [D]eceptive trade practices include but are not limited to:

"(1) representations that: . . .

"(d) goods or services are of [a] particular standard, quality, grade, style, or model, if they are of another."

After an investigation, the Nassau County Office of Consumer Affairs cited petitioner (Shoprite) for displaying 144 products with expired manufacturers' dates. The products included vitamins, baby formula, nasal decongestant and tanning oil. Following an administrative hearing, the agency fined Shoprite $3,600.

Shoprite brought a CPLR article 78 proceeding challenging the agency's determination. Supreme Court concluded that the agency acted without a sound basis in reason and that its determination lacked a reasonable basis in law. The court held that Shoprite made no misrepresentation and committed no deceptive act by merely displaying for sale items that were plainly marked as outdated. The court annulled the agency's determination. The Appellate Division affirmed, ruling that Shoprite did not misrepresent the quality of the goods, and noting that each item was marked by the manufacturer with an unaltered and unconcealed expiration date.[1] We now affirm.

The agency argues that in displaying expired products for sale, the supermarket misled consumers by making an "implied representation" that the items were unexpired. That could well

---

1. The Appellate Division appears to have rested its holding, in part, on grounds of due process and vagueness. Our affirmance is based exclusively on the plain language of the Act.

be true if the items were undated. Here, however, the dates were expressly represented, and a contrary conclusion as to the age of the items cannot be drawn by implication, so as to form the basis for a penalty. In short, the agency cannot ascribe to Shoprite an implied representation at odds with what undisputedly appears in writing.

General Business Law § 820 is instructive. Its enactment followed a report by the Attorney General,[2] whose office conducted an investigation to determine whether manufacturers and retailers of over-the-counter drugs were complying with federal and state expiration requirements. The investigation uncovered numerous instances in which over-the-counter drugs were openly outdated and others in which retailers hid the dates by covering them with price labels.

The state statute does two things. First, section 820 (1) provides that it is unlawful for any retailer "to knowingly sell or offer for sale, any drug sold over-the-counter without the need of a prescription, later than the date, if any, marked upon the label as indicative of the date beyond which the contents cannot be expected beyond reasonable doubt to be safe and effective." The enactment does not characterize the practice as deceptive, and the statute does not require that it be so. The law simply bans such sales or offerings.

Second, section 820 (2) deals with deception by making it an unlawful practice for any retailer "to knowingly alter, mutilate, destroy, obliterate or remove by means of a price sticker or otherwise the whole or any part of the expiration date displayed on the label or packaging of any over-the-counter drug." Thus, the statute covers both the sale (or offer) of openly outdated drugs and the misleading or deceptive practice of concealing dates. By contrast, the Nassau County legislation before us prohibits only misleading and deceptive practices.

Here, there is no claim that the dates were in any way obscured, nor does the Nassau County Act prohibit the sale of expired over-the-counter drugs or any other products. It does prohibit misleading or deceptive sales or displays, but we are unable to conclude that the sale or display of an item plainly (out)dated is deceptive or misleading.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

---

2. *Expiration Dating of Over-The-Counter Drugs in New York,* Survey Report by Attorney General Robert Abrams, January 1985.

GRAFFEO, J. (dissenting). Consumer protection laws such as the Nassau County Unfair Trade Practices Act are intentionally worded broadly to address the myriad of unfair and misleading practices facing consumers in the marketplace. In this CPLR article 78 proceeding, I cannot say that the Nassau County Office of Consumer Affairs acted irrationally or arbitrarily when it determined that Shoprite's practice of leaving expired over-the-counter drugs, baby formula, vitamins, sunblock and other health-care products on its store shelves for sale to consumers was misleading under the circumstances of this case. I therefore disagree with the majority's conclusion that the sale of health-care products bearing expired dates of effectiveness did not constitute a deceptive practice.

The Nassau County Unfair Trade Practices Act, like its federal and state counterparts, regulates a wide array of conduct affecting consumers. It prohibits "deceptive trade practice[s]," which are defined as

> "[a]ny false, falsely disparaging, or misleading oral or written statement, visual description or other representation of any kind, which has the capacity, tendency or effect of deceiving or misleading consumers and is made in connection with the sale, lease, rental or loan of consumer goods or services" (Nassau County Administrative Code § 21-10.2 [2] [b]).

The local law further clarifies that a deceptive practice includes the "failure to state a material fact if such . . . failure deceives or tends to deceive" (Nassau County Administrative Code § 21-10.2 [2] [b] [3]).

The language used by the Nassau County Legislature is similar to that employed by Congress and the New York State Legislature in federal and state consumer protection laws. Since 1938, Congress has precluded "unfair or deceptive acts or practices in . . . commerce" (15 USC § 45). In New York, the State Attorney General is authorized to bring an action against any person who engages in "any deception, misrepresentation, concealment, suppression, false pretense, false promise or unconscionable contractual provisions" (*see* Executive Law § 63 [12]). General Business Law § 349 (a) further declares "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service" to be unlawful, allowing a private right of action by an injured consumer (General Business Law § 349 [h]) or an enforcement action by the

State Attorney General (General Business Law § 349 [b]). More specifically, it is unlawful under General Business Law § 820 for a retailer to knowingly sell or offer for sale expired over-the-counter drugs. The Appellate Division correctly concluded that these provisions do not preempt the Nassau County Unfair Trade Practices Act (*see Hertz Corp. v City of New York*, 80 NY2d 565 [1992], *cert denied* 510 US 1111 [1994]; *Matter of Holtzman v Oliensis*, 91 NY2d 488 [1998]). To the contrary, as the Attorney General notes in his amicus brief, the local law complements federal and state consumer protection laws.

This Court has broadly construed general consumer protection laws to effectuate their remedial purposes, applying the state deceptive practices law to a full spectrum of consumer-oriented conduct, from the sale of "vanishing premium" life insurance policies (*see Gaidon v Guardian Life Ins. Co. of Am.*, 94 NY2d 330, 344 [1999]) to the provision of infertility services (*see Karlin v IVF Am.*, 93 NY2d 282 [1999]). We have repeatedly emphasized that General Business Law § 349 and section 350, its companion, addressed specifically to false advertising,

> "apply to virtually all economic activity, and their application has been correspondingly broad . . . The reach of these statutes provide[s] needed authority to cope with the numerous, ever-changing types of false and deceptive business practices which plague consumers in our State" (*Karlin*, 93 NY2d at 290-291 [internal quotation marks and citations omitted]).

And it is not always necessary for legislatures to supply administrative agencies with

> "rigid formulas in fields where flexibility in the adaptation of the legislative policy to infinitely variable conditions constitute[s] the very essence of the programs. Rather, the standards prescribed by the Legislature are to be read in light of the conditions in which they are to be applied" (*Matter of Tommy & Tina, Inc. v Department of Consumer Affairs of City of N.Y.*, 95 AD2d 724, 724 [1st Dept 1983] [internal quotation marks and citations omitted], *affd for reasons stated* 62 NY2d 671 [1984]).

This is particularly true in the arena of consumer protection where "the proscriptions . . . are flexible[ ] to be defined with particularity by the myriad of cases from the field of business

(*FTC v Colgate-Palmolive Co.*, 380 US 374, 385 [1965] [internal quotation marks and citation omitted]). Deference to the agency charged with enforcing consumer protection laws is warranted for, "as an administrative agency which deals continually with cases in the area, the [agency] is often in a better position than are courts to determine when a practice is 'deceptive' " (*id.*).

In determining what types of conduct may be deceptive practices under state law, this Court has applied an objective standard which asks whether the "representation or omission [was] likely to mislead a reasonable consumer acting reasonably under the circumstances" (*Gaidon*, 94 NY2d at 344 [internal quotation marks and citations omitted]; *see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 26 [1995]), taking into account not only the impact on the "average customer" but also on "the vast multitude which the statutes were enacted to safeguard—including the ignorant, the unthinking and the credulous who, in making purchases, do not stop to analyze but are governed by appearances and general impressions" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 273 [1977]).

In my view, the determination that Shoprite's practice of offering expired products for sale to the public was deceptive should have been sustained. First, there is nothing novel about the County's conclusion that the sale of expired products can be deceptive. Since at least 1985—prior to the enactment of General Business Law § 820—the State Attorney General has viewed the sale of expired over-the-counter drugs alongside unexpired drugs to be a deceptive trade practice because "[s]uch conduct has the tendency and capacity to mislead purchasers in the belief that such drugs are effective when such may not be the fact" (*Expiration Dating of Over-The-Counter Drugs in New York*, 1985 Attorney General's Survey Report, at 11 [hereinafter *Expiration Dating*]).* Nassau County has apparently interpreted its deceptive practices law as applying to expired over-the-

---

* In fact, although at that time no state statute specifically stated that the sale of expired drugs was a misleading practice, in 1985 Attorney General Abrams took regulatory action against five major retailers under the auspices of Executive Law § 63 (12) and General Business Law § 349, assessing a total of $42,500 in costs against companies who carried expired products on their shelves for sale to consumers (*see Expiration Dating* at 5). The Attorney General later pursued legislation directed at the sale of expired over-the-counter drugs (leading to the enactment of General Business Law § 820 in 1986), taking that action not because he lacked authority to regulate the conduct under the general consumer protection statutes but to acquire authority to impose a

counter drugs since at least 1990 (*see Long Island Drug Chains Cited For Having Stale OTCs*, Drug Store News, Nov. 19, 1990, 1990 WLNR 3114165).

Second, the interpretation given the local law by the Office of Consumer Affairs, the agency charged with administering it, is reasonable and consistent with the plain language of the provision. The Nassau County local law clarifies that a deceptive practice includes the "failure to state a material fact if such . . . failure deceives or tends to deceive" (Nassau County Administrative Code § 21-10.2 [2] [b] [3]). From an objective standard, the fact that baby formula, an over-the-counter drug, or a vitamin has expired is a material fact since it would bear on a reasonable consumer's decision to purchase the product. Put another way, faced with the choice of purchasing an unexpired product or an expired product for the same cost, a reasonable consumer would undoubtedly purchase the unexpired product.

The Federal Trade Commission requires that expiration dates be included on such products precisely because their efficacy diminishes over time and the products are less effective after the expiration date has passed. Even Shoprite conceded in its petition that expiration dates are included "[t]o assure that a drug product meets applicable standards of identity, strength, quality and purity at the time of sale." This concern is especially acute in the case of baby formula because "[t]he nutritional quality of infant formulas . . . deteriorates with time" (48 Fed Reg 31880, 31883 [1983]) and the product is used by infants, arguably the most vulnerable members of society. If administered after its effective date, infant formula may not supply needed nutrients and, in this respect, poses a particular danger to unwary consumers who may believe their children are receiving adequate nutrition when, in fact, they are not. Here, for example, Shoprite was cited for offering Carnation baby formula for sale months after product expiration dates had passed.

---

higher penalty against violators ($500 per violation pursuant to General Business Law § 821 [1]; *see Expiration Dating* at 6). Notably, the retailers did not challenge the Attorney General's authority to regulate such sales but instead agreed to change their stocking procedures. Several other state Attorneys General have similarly pursued enforcement actions against retailers for selling expired over-the-counter drugs, baby formula and other products (*see Division of Consumer Affairs Announces Settlement with Duane Reade*, US State News, Aug. 25, 2006, 2006 WLNR 14945955 [New Jersey]; *Rite Aid Outlines Plans After Expired Products Suit*, Drug Store News, June 28, 1999, 1999 WLNR 5571890 [California]).

Under state law, when a retailer places a product on the shelf for sale to a consumer, it impliedly warrants that the product is fit for its intended uses (*see* UCC 2-314 [2] [c]). It was therefore not irrational for the County to conclude that, when a product may not actually be fit for its intended uses because it has expired, its placement on the shelf alongside unexpired products, and without any statement alerting consumers that its fitness cannot be guaranteed, amounts to a misleading practice. A reasonable consumer would presume that a retailer would not continue to display items on its shelves that may no longer be effective, even if used appropriately.

The Office of Consumer Affairs rationally determined that the fact that Shoprite did not conceal the expiration dates did not shield it from liability under the local law. Shoprite acknowledged in its papers that the manufacturers' expiration dates at issue were tiny markings on the bottoms of packages that were sometimes made by a stamped impression, without contrasting ink, and were often difficult to read. In the words of Shoprite's president, "some of the dates [on the products at issue] were so illegible that no reasonable person could be expected to read these dates" and some "needed a magnifying glass in order to be read."

The manufacturers' expiration marks at issue were unobtrusive and unlikely to attract the attention of the average consumer. In this respect, they were akin to "small print" disclaimers on advertisements, which may be insufficient to overcome a misleading overall impression in the context of a deceptive practices claim (*see e.g. Gaidon*, 94 NY2d at 345). For this reason, I believe that the Office of Consumer Affairs rationally rejected Shoprite's argument that, because careful consumers could individually check product expiration dates, it was relieved of any obligation to cull expired products from its shelves. The consumer protection laws are designed to protect all consumers—not just discerning, unhurried and meticulous shoppers. Perhaps a reasonable consumer can be expected to check the expiration dates on perishable items such as milk or meat (which, in any event, are generally not as unobtrusive as the marks at issue in this case), but the Office of Consumer Affairs could rationally conclude that many do not consistently inspect expiration dates on more durable items like cold medicine, sunblock and baby formula.

To be sure, the County's interpretation of its deceptive practices law places a responsibility on retailers to inspect shelves

and remove expired products. But the burden imposed is not onerous, as is evident from the facts of this case. Soon after Shoprite was cited by Nassau County, it instituted a monthly procedure to remove expired and nearly-expired products from its shelves. When weighed against the potential for misleading consumers, the imposition of this obligation on retailers (who routinely restock and reorganize their shelves for other reasons) is rational.

I would reverse the order of the Appellate Division and reinstate the determination of the Nassau County Office of Consumer Affairs.

Chief Judge KAYE and Judges CIPARICK, READ and R.S. SMITH concur with Judge ROSENBLATT; Judge GRAFFEO dissents and votes to reverse in a separate opinion; Judge PIGOTT taking no part.

Order affirmed, with costs.