■ In the Matter of CITY LINE AUTO MALL, INC., et al., Petitioners, v JONATHAN MINTZ, as Acting Commissioner of the Department of Consumer Affairs of the City of New York, Respondent. [840 NYS2d 783]—

Determinations of respondent Department of Consumer Affairs, dated September 19, 2005, September 30, 2005, October 18, 2005 and October 18, 2005, finding that petitioner used-car dealership engaged in deceptive trade practices in violation of Administrative Code of the City of NY § 20-700, and also violated Administrative Code § 20-268 (a) and § 20-708 and Rules of the City of New York Department of Consumer Affairs (6 RCNY) § 2-103 (g) (1) (v), and imposing an aggregate fine of $6,125, unanimously modified, on the law, to annul so much of the determination dated October 18, 2005 (seventh cause of action) as found that petitioner engaged in a deceptive trade practice by offering for sale a Jeep Cherokee with a registration sticker affixed stating that it was a Honda, and imposed a $350 fine therefor, and the proceeding brought pursuant to CPLR article 78 (transferred by order of the Supreme Court, New York County [Michael D. Stallman, J.], entered April 6, 2006), otherwise disposed of by confirming the remainder of the determinations, without costs.

Substantial evidence supports the findings that for more than two years petitioner engaged in deceptive trade practices and committed other violations of its used-car license by failing to provide consumers with essential information (Administrative Code §§ 20-700, 20-701 [a] [2]), namely, the FTC Buyers Guide (16 CFR 455.2) containing such information as the vehicle's make, model, VIN, warranties and service contract; offering vehicles for sale without the price being posted (Administrative Code § 20-708); failing to have a "Notice to Our Customers" sign conspicuously posted within the business premises (6 RCNY 2-103 [g] [1] [v]); and carrying on its business off of the licensed premises (Administrative Code § 20-268 [a]). However, with respect to the Jeep Cherokee that petitioner offered for sale with a registration sticker affixed stating that it was a Honda, there is no substantial evidence that a reasonable consumer would have been deceived by the sticker into believing that the vehicle was a Jeep and not a Honda (cf. *Matter of Food Parade, Inc. v Office of Consumer Affairs of County of Nassau,* 7 NY3d 568 [2006]). Accordingly, we modify as above indicated. We reject petitioner's argument that respondent's authority to license and regulate used-car dealers is preempted by State law. While Vehicle and Traffic Law § 415 requires that used-car dealers be

registered, the State has not assumed full regulatory responsibility for their licensing (*see Vatore v Commissioner of Consumer Affairs of City of N.Y.*, 83 NY2d 645, 649-650 [1994]; *B & L Auto Group v Zelig*, 188 Misc 2d 851, 857-858 [2001]). We have considered petitioner's other arguments and find them unavailing. Concur—Nardelli, J.P., Williams, Buckley, Catterson and McGuire, JJ.