23-735-cv
Montgomery v. Stanley Black & Decker, Inc.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of March, two thousand twenty-four.

PRESENT:  GUIDO CALABRESI,
          JOSÉ A. CABRANES,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*.

------------------------------------------------------------------

WILLIAM MONTGOMERY,
individually and on behalf of all
others similarly situated, DONALD
WOOD, JR., individually and on
behalf of all others similarly situated,

     *Plaintiffs-Appellants*,

DONALD WOOD,

     *Plaintiff*,

     v.                                                    No. 23-735-cv

STANLEY BLACK & DECKER, INC.,
DBA CRAFTSMAN,

        *Defendant-Appellee.* \*

------------------------------------------------------------------

FOR APPELLANTS:                         ANDREW OBERGFELL, Obergfell Law LLC, Hasbrouck Heights, NJ (Neal J. Deckant, Bursor & Fisher, P.A, Walnut Creek, CA, *on the brief*)

FOR APPELLEE:                            JOHN W. CERRETA, Day Pitney LLP, Hartford, CT (Michael B. Shortnacy, Shook, Hardy & Bacon, L.L.P., Los Angeles, CA, *on the brief*)

Appeal from a judgment of the United States District Court for the District of Connecticut (Kari A. Dooley, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiffs-Appellants William Montgomery and Donald Wood, Jr. appeal from a judgment of the United States District Court for the District of Connecticut (Dooley, *J.*) dismissing their deceptive business practice claims under both the New York General Business Law (NYGBL), N.Y. Gen. Bus. L.

---

\* The Clerk of Court is directed to amend the caption as set forth above.

2

§§ 349, 350, and the Virginia Consumer Protection Act (VCPA), Va. Stat. § 59.1-200, as well as their warranty and common law claims against Defendant-Appellee Stanley Black & Decker, Inc. d/b/a Craftsman. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

The Plaintiffs-Appellants allege that the "Peak HP" labeling on the packaging of Craftsman vacuums is misleading because the vacuums are unable to achieve the advertised horsepower. The District Court dismissed their complaint, concluding that no reasonable consumer would be misled by the packaging because the dagger or asterisk symbol next to the "Peak HP" label directs the consumer to fine print explaining that "Peak HP" is the horsepower achieved in laboratory testing, not ordinary use. Reviewing the District Court's dismissal *de novo*, *see Mantikas v. Kellogg Co.*, 910 F.3d 633, 636 (2d Cir. 2018), we affirm.

The parties agree that the Plaintiffs-Appellants' statutory and common law claims under New York and Virginia law all rise and fall based on whether a reasonable consumer would have been misled by the "Peak HP" vacuum labeling or packaging. *See* App'x 241–44, 271. To state a deceptive business

3

practice claim under New York law, for example, "a plaintiff must plausibly allege that the deceptive conduct was likely to mislead a reasonable consumer acting reasonably under the circumstances."[1] *Mantikas*, 910 F.3d at 636 (quotation marks omitted). "[C]ontext is crucial," and we "consider the challenged advertisement as a whole, including disclaimers and qualifying language." *Id.* (quotation marks omitted).

Reviewing the entire packaging at issue in this case, we agree with the District Court that a reasonable consumer would not be misled because the language in the fine print – which the Plaintiffs-Appellants do not claim is misleading, *see* App'x 259 – explains that "Peak HP" refers to the horsepower that the vacuums attain in laboratory testing rather than in ordinary use.

The Plaintiffs-Appellants argue that the "Peak HP" label is inaccurate and so misleading that a reasonable consumer should not be expected to review the fine print to discover its true meaning. We disagree. Although they have advanced one reasonable interpretation of what "Peak HP" means, the Plaintiffs-

---

[1] NYGBL § 349 prohibits "[d]eceptive acts or practices" and NYGBL § 350 prohibits "[f]alse advertising in the conduct of any business, trade, or commerce" in New York. To state a claim under NYGBL §§ 349 and 350, a plaintiff must allege that "(1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result." *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 500 (2d Cir. 2020) (quotation marks omitted).

Appellants fail to explain why a reasonable consumer could not alternatively understand "Peak HP" to have the meaning reflected in the fine print. The dagger or asterisk symbol next to the "Peak HP" label, moreover, would alert a reasonable consumer to the fact that certain caveats may apply to the "Peak HP" designation.

The Plaintiffs-Appellants also argue that the fine print on the packaging is too inconspicuous to clarify the meaning of "Peak HP." We are not persuaded. The complaint alleges only that the disclaimer was printed in size 7 font and placed on the bottom of the package near other fine print without any typographical emphasis. In effect, these allegations merely state the obvious fact that the disclaimer was in fine print. Such fine print may clarify an ambiguous label on packaging. *See Food Parade, Inc. v. Off. of Consumer Affs. of Cnty. of Nassau*, 7 N.Y.3d 568, 570–72 (2006); *Mantikas*, 910 F.3d at 636; *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013). In view of the ambiguity of the "Peak HP" label, the Plaintiffs-Appellants had to allege more than the bare fact that the disclaimer was in fine print and located at the bottom of the packaging.[2] We

---

[2] For example, the complaint never alleges that a consumer could not see the clarifying language, or that it was obscured, or that a consumer would see it but would be confused by its terms. Nor does the complaint allege that the Plaintiffs-Appellants failed to see the dagger symbol accompanying the "Peak HP" ratings on the packaging.

conclude that the complaint thus fails to state a claim under the NYGBL. For the same reasons, the complaint fails to state a claim under the VCPA, as well as any warranty and common law claims.

We have considered the Plaintiffs-Appellants' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court